## TAYLOR ROAD PROPERTY COMPANY v CUNNINGHAM (2 cases)

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 13672 & 13673. Decided Sept 18, 1933

Halle, Haber & Berick, Cleveland, for plaintiff in error.

Snyder, Thompson, Ford, Seagrave & Roudebush, Cleveland, for defendants in error.

**OPINION**

By LIEGHLEY, PJ.

The first cause of action in the petition contains a description of the real estate; an averment that the defendant is a corporation; an averment that on the 22nd day of August, 1925, plaintiff and defendant entered into a lease of the premises described for 99 years; an averment that by the terms of the lease defendant agreed to pay Seven Hundred and Fifty Dollars quarterly, and that it failed to pay the installment due on the first day of May, 1933, and prays judgment against defendant for said sum with interest.

The second cause of action incorporates the allegations of the first cause and then avers that the defendant has failed, refused and neglected to apply the income to the rentals, taxes and other charges due under the lease; that defendant has cancelled the insurance and is permitting the premises to deteriorate. This is followed by an averment that the plaintiff has no adequate remedy at law, and that unless a receiver is appointed to collect the income and apply the same to the rentals due under the lease, plaintiffs will suffer irreparable loss.

The 99 year lease was not made a part of the petition nor was it incorporated by reference. The bill of exceptions recites that the lease was not offered in evidence at the hearing, but by agreement is incorporated in the bill of exceptions. Not being a part of the record of the proceedings below, its incorporation in the bill is not helpful and can serve no useful purpose.

This case is here for review on error, not appeal. In such review this court is limited to a review of the correctness of the decision of the court below upon the proof before it. The trial court had before it only the petition and the admission of counsel for defendant that the averments contained in the petition are true for the purposes of the hearing and nothing more.

With these averments admitted as facts, did the court err in its order ·of appointment?

The various circumstances under which the appointment of a receiver is authorized are recited in the paragraphs of §11894 GC. Under the broad language used in the sixth paragraph thereof, it must appear that the same is ancillary to some final relief in equity between the parties. **Hoiles v Watkins et, 117 Oh St 165.**

The first cause of action is one for money only. The second cause of action is for a receiver. Either party might demand a jury on the first cause of action. This is not a chancery case. **Wall v The Dayton Federation Company et, 121 Oh St 334.**

If the trial court is authorized to appoint a receiver under the facts before it in this case, then the power of the court would embrace a multitude of cases and situations. This case is one in which the lessee defaulted in the quarterly payment of rent for which suit was brought to recover same. With the additional allegations and averments in the second cause of action that the lessee has failed to apply the income received from the property to the payment of the rentals due plaintiff. Proof was not

offered to show that the plaintiff had a lien on this income, nor that this income constituted a particular fund out of which the rentals should be paid or that the plaintiff for some reason or other was entitled to a priority in the distribution of such particular fund. So far as the petition and the proof go, he was a simple contract creditor asserting a claim that the income should be applied to the discharge of the rentals due under the lease.

The wholesale grocer might bring an action in the same manner and claim the right to the appointment of a receiver for equally good reasons. As a creditor of the retailer, he might bring an action for money only on his account in the first cause of action, and in the second cause of action assert that the retailer neglected, failed and refused to apply the proceeds of the sale of his merchandise to the payment of the account of and due the wholesaler.

If it had been established in the proof at the hearing that the lessee had, by the terms of a lease, given the lessor a lien upon the incomes with a right of re-entry in the event of default, perhaps we would in that event be called upon to view this situation differently, but such is not the case before us as disclosed by the record of the proceeding had below. Clark on Receivers, §195, Chapter 5, second edition.

We are confined and limited to the pleadings and the proof admitted in the record, and certainly cannot consider an item of evidence that is clearly asserted in the bill not to be a part of the proceedings brought here for review.

For the foregoing reasons we are reluctantly compelled to reverse this judgment.

LEVINE and McGILL, JJ, concur in judgment.